**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRANDON QUENTIN SHAW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00529-AGF |
| | ) | |
| SONYA WHITE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Brandon Quentin Shaw, a federal pretrial detainee. ECF No. 1. Petitioner seeks leave to proceed *in forma pauperis*, or without prepayment of filing fees and costs in this matter. ECF No. 3. Based on the financial information submitted in support, his motion will be granted, and the filing fee will be waived. However, for the reasons explained below, the Court will dismiss this action without further proceedings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Finally, Petitioner's other pending motions will be denied as moot.

**Petitioner's Pending Criminal Matter[2]**

Petitioner is a federal pretrial detainee, currently housed at the Phelps County Jail in Rolla, Missouri. ECF No. 1 at 1. He has a 16-count criminal indictment pending against him in

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the Rules apply to § 2241 petitions as well.

[2] When initiating this action, Petitioner filed a "Motion Requesting the Court Consider Public Record" with his § 2241 Petition. ECF No. 2. In the Motion, Petitioner asks the Court "take judicial notice of the court records of this Court in Cause Number 4:24-cr-00058." *Id.* at 1. It is well settled that the Court may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005). No motion is required for the Court to review its own records in considering the § 2241 Petition before the Court. Petitioner's Motion will be denied as moot.

this Court. *United States v. Shaw*, No. 4:24-cr-00058-JMD (E.D. Mo. 2024). The charges include drug offenses, being a felon in possession of firearms, and selling firearms without a license. As of the date of this Order, Petitioner's case is set for trial on October 5, 2026. *Id.* at ECF No. 220.

Petitioner's federal criminal case was filed in January 2024. Between February 2024 and September 2025, Magistrate Judge Joseph Dueker appointed 4 different defense attorneys to represent Petitioner in the action. After Petitioner made complaints about each appointed attorney's performance, Judge Dueker would allow the attorney to withdraw, and he would appoint someone new. However, after a September 18, 2025 hearing, Judge Dueker denied Petitioner's fifth motion for new counsel, in which Petitioner complained that his fourth-appointed attorney would not pursue a defense under the Administrative Procedures Act, as requested by Petitioner. But Judge Dueker did grant Petitioner leave to file 2 pro se pretrial motions on his own behalf (in addition to any motions filed by his appointed counsel). *Id.* at ECF No. 113. After that ruling, Petitioner filed a "continuing" objection, stating that the ruling "actually and/or constructively" deprived him of his "fundamental constitutional rights to have conflict-free effective assistance of counsel." *Id.* at ECF No. 119. Months later, Dueker denied a second motion from Petitioner seeking new counsel "due to an adverse conflict of interest." *Id.* at ECF Nos. 150, 152. Finally, in March 2026, after Petitioner filed another motion seeking to terminate his counsel, Judge Dueker held a *Faretta* hearing on the record in which Petitioner waived his right to counsel and was allowed to proceed pro se with standby counsel. *Id.* at ECF Nos. 165, 170.

After pretrial proceedings were concluded and Magistrate Judge Dueker issued his Report and Recommendation, the criminal case was subsequently handled by District Judge

Joshua Divine. After about a month of proceeding pro se, Petitioner filed a motion for appointment of counsel. *Id.* at ECF Nos. 184, 193. The motion was granted by Judge Divine and on April 28, 2026, Petitioner was appointed new counsel. *Id.* at ECF No. 194.

On June 5, 2026, Petitioner filed a 28-page Petition for Writ of Mandamus with the Eighth Circuit Court of Appeals, arguing that Judges Dueker and Divine had abused their discretion, acted in excess of their jurisdiction, and "actually and/or constructively denied" his Sixth Amendment right to "conflict-free effective assistance of counsel for his defense." *Id.* at ECF No. 209 (USCA Appeal No. 26-2123). The Eighth Circuit denied the Petition on June 16, 2026. *Id.* at ECF No. 211.

At the current time, Petitioner is represented by counsel in his criminal action, but he continues to submit pro se filings to the Court, despite the Court's repeated admonishments against it. *Id.* at ECF Nos. 149, 224. Recently, Petitioner filed a sealed memorandum concerning his currently appointed counsel. *Id.* at ECF No. 226.

**§ 2241 Petition and Supplement**

Petitioner signed the instant 28 U.S.C. § 2241 Petition on March 25, 2026, naming the Phelps County Jail Administrator, Sonya White, as Respondent. ECF No. 1 at 21. He brings this action to contest rulings made in his pending criminal prosecution. He alleges that his Fifth and Sixth Amendment rights have been violated in that action. ECF No. 1-1 at 1. He asserts that the Court has "lost power and jurisdiction to proceed to judgment" due to alleged violations of his constitutional rights. ECF No. 1 at 7-20. Like many of the motions filed in his pending criminal case, Petitioner alleges "actual and/or constructive denial of [his] Sixth Amendment rights to have the effective assistance of counsel and conflict-free representation of counsel." *Id.* at 2.

Altogether, he raises 7 "Grounds for Relief" in his Petition. The allegations of each of these grounds are condensed and summarized as follows:

(1) Judge Dueker exceeded his judicial power and violated Petitioner's Sixth Amendment rights when he denied Petitioner's motion for new counsel (regarding his fourth appointed counsel) and when he systematically obstructed Petitioner from raising certain arguments in his criminal case (specifically, the arguments Petitioner makes in Grounds 2 through 7 below).

(2) Judge Dueker discriminated against Petitioner when he allowed Petitioner to file 2 pro se pretrial motions but did not appoint Petitioner new counsel to help him make arguments concerning outrageous government conduct, selective law enforcement, selective prosecution, and judicial review of federal agency action pursuant to the Administrative Procedures Act.

(3) Judge Dueker violated his Sixth Amendment rights when he did not advise Petitioner on the dangers and disadvantages of proceeding pro se and did not provide legal assistance to Petitioner on his 2 pro se pretrial motions.

(4) Judge Dueker violated his rights when he denied Petitioner's motion seeking new counsel "due to an adverse conflict of interest" without a hearing.

(5) Judge Dueker violated his rights when he denied Petitioner's motion seeking reconsideration of some of Judge Dueker's pretrial motion rulings.

(6) Ineffective assistance of counsel by one of Petitioner's appointed defense attorneys when that attorney did not assist Petitioner in filing motions to argue that Judge Dueker had committed constitutional error in his criminal proceeding.

(7) Ineffective assistance of counsel by one of Petitioner's appointed defense attorneys when that attorney was directly adverse to Petitioner's motion concerning outrageous government conduct, selective law enforcement, selective prosecution, and judicial review of federal agency action pursuant to the Administrative Procedures Act.

*Id.* at 7-20.

In terms of relief, Petitioner requests a § 2241 writ "on the grounds that the United States District Court for the Eastern District of Missouri, Eastern Division, has lost power and jurisdiction to proceed to judgment in Cause No. 4:24-cr-00058-1." *Id.* at 21. Petitioner appears

to also seek his release, as he repeatedly argues that his confined confinement is a violation of the Constitution. *Id.* at 8, 10, 12, 14-15, 17, 19.

**Discussion**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires this Court to summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 also applies to § 2241 petitions like this one. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

Pursuant to 28 U.S.C. § 2241(c)(3), a prisoner may file a petition for writ of habeas corpus if he "is in custody in violation of the Constitution or laws or treaties of the United States." But a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to an ongoing federal criminal prosecution. *Jones v. Perkins*, 245 U.S. 390, 391 (1918) (citations omitted) (stating that "in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial"); *see also Falcon v. U.S. Bureau of Prisons,* 52 F.3d 137, 139 (7th Cir. 1995) (holding that the remedy provided by 28 U.S.C. § 2241 cannot be used to undermine, or interfere with, the proceedings in an ongoing federal criminal case).

Instead, federal pretrial detainees must exhaust available remedies before seeking habeas relief. *Hall v. Pratt*, 97 F. App'x 246, 247 (10th Cir. 2004); *accord Moore v. United States*, 875 F. Supp. 620, 623 (D. Neb. 1994) (federal pretrial detainee must first exhaust other available remedies before seeking relief under section 2241). If a federal pretrial detainee can still raise the relevant issues in his pending criminal proceeding, he cannot seek relief under 28 U.S.C. §

2241. *Miller v. United States*, No. 20-cv-376, 2020 WL 3578553, at *1 (D. Minn. May 14, 2020). Furthermore, when habeas claims raised by a federal pretrial detainee would dispose of the pending federal criminal charges, principles of judicial economy require that the petitioner first present those claims to the trial court and then raise them on direct appeal if permissible. *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994).

In this case, granting Petitioner relief on any of his claims would undermine or interfere with the proceedings in his ongoing federal criminal case. Petitioner should pursue relief on his claims in that pending criminal matter. Although Petitioner filed a Petition for Writ of Mandamus which was denied by the Eighth Circuit Court, he still has not exhausted the remedies available to him in his pending criminal proceeding. The proceeding is ongoing and once complete, Petitioner can pursue claims on appeal.

For the foregoing reasons, the Court finds that relief under section 2241 is unavailable to Petitioner at this time. To determine otherwise would interfere with the trial judge's control over Petitioner's criminal case, encourage "judge shopping," and cause needless duplication of judicial resources. The Court will therefore dismiss this action at this time, without prejudice, and will deny as moot Petitioner's pending motion for the Court to consider the public record (ECF No. 2) and for appointment of counsel (ECF No. 4). The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] is **DENIED and DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's "Motion Requesting the Court Consider Public Record" [ECF No. 2] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel [ECF No. 4] is **DENIED as moot**.

**IT IS FINALLY ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of August, 2026.

Audrey G. Fleissig

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE